UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL J. WOJT,

      Plaintiff,                                    Case No. 23-cv-12815

v.                                              Hon. Bernard A. Friedman

DEPARTMENT OF THE ARMY,

      Defendant.

_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Darryl J. Wojt, proceeding *pro se*, filed his complaint in this matter against the Department of the Army. (ECF No. 1). He also filed an application to proceed without prepayment of fees or costs. (ECF No. 2). For the reasons that follow, the application is denied and the case is summarily dismissed for lack of subject matter jurisdiction.

    I.    *The application to proceed without prepayment of fees or costs is denied.*

Pursuant to 28 U.S.C. § 1915, a United States District Court may authorize the commencement of any suit without the prepayment of fees if filed "by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit must "include[] a statement of all such assets" the individual possesses. *Id.*

1

Here, although Wojt has submitted a document titled "application to proceed in district court without prepaying fees or costs," he has not completed the document in such a manner that would allow the Court to meaningfully consider his request. (ECF No. 2). He declares that his gross wages are $2,800 and his take-home pay is $2,000 but fails to identify the length of the pay period. (*Id.*, PageID.54). $2,000 earned annually would likely support a claim for indigence; $2,000 earned weekly would not.

The Court also notes that Wojt recently filed a case that was assigned to United States District Court Judge Paul D. Borman. (23-cv-12454). In that case, Judge Borman denied Wojt's application to proceed *in forma pauperis* because "his claim of hardship [was] not supported by his Application." (23-cv-12454, ECF No. 6, PageID.105). In that case, Wojt reported biweekly take home pay of $1,000. (*Id.*, PageID.106).

Here, because Wojt has not provided the Court with the information that would be minimally required to assess his request to proceed without prepayment of fees or costs, the application (ECF No. 2) is DENIED.

II.   *The action is summarily dismissed.*

The complaint in this case identifies a single defendant, the Department of the Army. (ECF No. 1, PageID.1). The complaint does not, however, give the Court

any clear indication as to what the allegations are against the Army, nor how the Court might have subject matter jurisdiction over the case. This is fatal to the case.

Under the title "Complaint for a Civil Case," Wojt has written in the following statements:

> Espionage / Mole
> Duress / Gas lighting
> human sh[ie]lds / invol[u]ntary servitude

(*Id.*). In the section of the complaint dedicated to a "Statement of Claim," Wojt has written the following:

> Staged out circumstances to alter perception
> Army Psycological [sic] Operations for instance

(*Id.*, PageID.5). As for relief sought, he states the following:

> 750,000,000 Physical and Psychological [sic] Damages
> Duress – Reduction of Liberty
> Judicial and Federal Emergency Relief

(*Id.*, PageID.6). And under the section entitled "Additional Information," Wojt writes "Contact FBI / Eastern District of Michigan for addition [sic] information." (*Id.*, PageID.7). He also attaches a letter, dated September 26, 2023, from the Supervising Attorney in the Tort Claims Settlement Division of the Office of the Judge Advocate General in the Department of the Army denying his claim against the United States. (*Id.*, PageID.8).

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must

dismiss any complaint over which it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Federal district courts are courts of limited subject matter jurisdiction, possessing only the powers authorized by the Constitution and statute. *Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008). "Consequently, it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (cleaned up).

Although the burden is not necessarily onerous at this stage in the proceedings, Wojt has failed to carry it here. The only justifications he provides in support of the Court's subject matter jurisdiction are the following statements:

> Electromagnetic Weapons
> Weapons of Mass Destruction
> Terrorism
> Derilict [sic] of Duty

(ECF No. 1, PageID.4). These are insufficient to confer federal subject matter jurisdiction on this Court.

As the Sixth Circuit explained in *Apple v. Glenn*, 183 F.3d 477, 479 (6th 1999), "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Such

dismissal "is appropriate in only the rarest of circumstances," *id.* at 480, but this is one of those cases. The complaint here includes wildly divergent and entirely unsubstantiated statements ranging from weapons of mass destruction to dereliction of duty. (ECF No. 1, PageID.4). Wojt appears to complain that he was subjected to Army psychological operations but instead of providing any meaningful context or any support at all for this claim, he instead directs the Court to contact the FBI or the "Eastern District of Michigan" for additional information. (*Id.*, PageID.5, 7). The Court accordingly finds that this is one of the rare circumstances in which the complaint should be dismissed for lack of subject matter jurisdiction because the claims raised, to the extent Wojt's statements can even be characterized as such, are implausible, unsubstantiated, and devoid of merit. *Apple*, 183 F.3d at 479; *cf.* (23-cv-12454, ECF No. 6, PageID.114) (Opinion and Order of Judge Borman finding that Wojt's complaint in that case "patently fails to plead plausibly any facts suggesting the existence of a cognizable case or controversy under federal laws or statutes, or any other recognized body of law"). Accordingly, it is hereby,

ORDERED that the application to proceed without prepaying fees or costs (ECF No. 2) is DENIED.

5

IT IS FURTHER ORDERED that the complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**SO ORDERED.**

Dated: November 16, 2023
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 16, 2023.

**Darryl T. Wojt**
2185 E. Big Beaver Rd
Apt. 108
Troy, MI 48083

s/Johnetta M. Curry-Williams
Case Manager